IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| WENGUI GUO, </br></br> *Plaintiff*, </br></br> v. </br></br> YELIANG XIA, </br></br> *Defendant.* | Case No. 1:18-cv-174 |

## ORDER

This matter comes before the Court on Plaintiff's Motion to Dismiss Defendant's Amended Counterclaims With Prejudice. Dkt. 24. For the following reasons, and for good cause shown, the Court grants in part and denies in part. The Court grants the Motion to Dismiss as it pertains to the intentional infliction of emotional distress, frivolous cause of action, malicious prosecution, and RICO counterclaims. The Court denies the Motion to Dismiss as it pertains to the defamation *per se* and defamation counterclaims.

### I. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007). A motion to dismiss pursuant to Rule 12(b)(6) must be considered in combination with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." FED. R. CIV. P. 8(a)(2); *Twombly*, 550 U.S. at 555. While "detailed factual allegations" are not required, Rule

1

8 does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* Because a Rule 12(b)(6) motion tests the sufficiency of a complaint without resolving factual disputes, a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dep't v. Montgomery County*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)).

## II. Analysis

### A. Defamation Per Se

Defamation requires (1) publication (2) of false information (3) concerning the plaintiff (4) that tends to defame the plaintiff's reputation. *Hatfill v. New York Times Co.*, 416 F.3d 320, 330 (4th Cir. 2005). In addition to these elements, defamation *per se* requires that the allegedly defamatory statement fall into one of four categories:

> (1) statements that "impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished," (2) statements that "impute that a person is infected with some contagious disease, where if the charge is true, it would exclude the party from society," (3) statements that "impute to a person unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of duties of such an office or employment," and (4) statements that "prejudice such person in his or her profession or trade.

*Id.*

Defendant's claim of defamation *per se* comes from a statement Plaintiff made in a "video speech" that Defendant "got HPV . . . and in the result, caused many women into carcinoma of the uterine cervix." Dkt. 20, ¶ 219. Plaintiff argues this statement is not one that "impute[s] that a person is infected with some contagious disease . . . [which] would exclude the person from society" because HPV is an extremely common disease. While it is true that HPV is

very common, HPV is a venereal disease, and venereal diseases are generally understood to fall under the contagious disease category for the purposes of defamation *per se*. *See* Restatement (Second) of Torts § 572 (1977). This Court may then conclude that despite its ubiquity, HPV is a disease that would support a defamation *per se* claim.

Reading this counterclaim in the light most favorable to Defendant, and drawing all inferences in his favor, Defendant has sufficiently pled that Plaintiff made an actionable defamatory statement regarding Defendant, the statement was published, the statement was false, and that the statement fell into one of the defamation *per se* categories. Therefore, Defendant has stated a claim for defamation *per se*.

*B. Defamation*

As discussed above, defamation requires (1) publication (2) of false information (3) concerning the plaintiff (4) that tends to defame the plaintiff's reputation. *Hatfill*, 416 F.3d at 330.

First, Plaintiff argues that Defendant did not sufficiently plead that the allegedly defamatory statements were published. Defendant stated that Plaintiff made these defamatory statements "in his live-streamed videos." Dkt. 20 ¶ 167. Taking the pleading in the light most favorable to Defendant, and drawing all inferences in his favor, the Court may infer that these live-streamed videos had viewers and that the statements were therefore published.

Second, Plaintiff argues Defendant has not sufficiently pled that all of the allegedly defamatory statements are false. Plaintiff says Defendant has only alleged that the statement in ¶ 230(4) is false by saying that statement was "untrue and maliciously fabricated." *Id.* ¶ 230(4). However, the beginning of ¶ 230 states, "Guo has falsely and with malice repeatedly defamed Xia, including but not limited to statements meant to convey . . . ." *Id.* ¶ 230. Defendant then

3

goes on to list subsections of allegedly defamatory statements. The plain meaning of these introductory words is that they apply to all the subsections. Defendant has sufficiently pled falsity.

There is no dispute that the allegedly defamatory statements were about Defendant and viewing the facts in the light most favorable to Defendant, and drawing every inference in his favor, those allegedly defamatory statements would tend to defame his reputation. For these reasons, Defendant has sufficiently stated a claim of defamation.

### C. Intentional Infliction of Emotional Distress

In Virginia, the tort of intentional infliction of emotional distress has four elements: "(1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous and intolerable; (3) there was a causal connection between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress was severe." *Harris v. Kreutzer*, 624 S.E.2d 24, 33 (2006). Intentional infliction of emotional distress is "'not favored' in the law." *Id.* In order to be outrageous, conduct must have been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.*

Defendant's intentional infliction of emotional distress claim fails because the conduct does not meet the high bar Virginia sets for outrageous and intolerable behavior. Plaintiff's alleged behavior was certainly far from admirable, but it was not so outrageous and atrocious as to support an intentional infliction of emotional distress claim.

### D. Frivolous Cause of Action, Malicious Prosecution, and RICO Claims

The Court may dispose of Defendant's frivolous cause of action, malicious prosecution, and RICO counterclaims quickly. Defendant's frivolous cause of action counterclaim is based on

a New Jersey statute that is not controlling here. Defendant's malicious prosecution counterclaim is not yet ripe, as Defendant has not yet prevailed in his action. Finally, Defendant's RICO counterclaim fails because the elements of a RICO claim are not present here. For these reasons, all of these counterclaims should be dismissed.

## IV. Conclusion

For the above reasons, Plaintiff's Motion to Dismiss Defendant's Amended Counterclaims With Prejudice, Dkt. 24, is **GRANTED IN PART AND DENIED IN PART.** The Motion is **GRANTED** as to Defendant's intentional infliction of emotional distress, frivolous cause of action, malicious prosecution, and RICO counterclaims. These claims are **DISMISSED WITH PREJUDICE.** The Motion is **DENIED** as to Defendant's defamation *per se* and defamation counterclaims.

It is **SO ORDERED.**

_____
Liam O'Grady
United States District Judge

December 5, 2018
Alexandria, Virginia

5