IN THE U.S., DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA, ALEXANDRIA DIVISION

| | |
|---|---|
| ---------------------------------------------------------- ) | |
| PlaintiffGuo aka Miles Kwok ) | Civil Action No. 18-cv-174 |
|     Plaintiff ) | Motion to Reconsider |
|            vs. ) | |
| YeliangXia ) | The Hon. Theresa Buchanan |
|     Defendant ) | |

## DEFENDANT'S MOTION FOR STATUS CONFERENCE BEFORE THE Hon. JUDGE THERESA BUCHANAN

Comes now, Defendant Professor Yeliang Xia, by and through his undersigned counsels, respectfully prays that the Honorable Court to hold a Status Conference before the Honorable Judge Theresa Buchanan to solve the remaining issues yet to be finally settled concerning this Honorable Court's March 14, 2019 Order (Doc.58), and March 27, 2019 Orders (Doc 65) pursuant to Rule 16(a)(1) (3) (5), Federal Rules of Civil Procedures and in the light of the Hon. Judge Liam O'Grady's Bench Directives rendered on March 15, 2019, for the following foremost reasons, *inter allia*:

1. Though the Hon. Theresa Buchanan in her Orders governing discovery ruled that Rule 37 of the FRCP mandated the Court to impose sanctions that Her Honor did not has much room not to follow the rule, yet the dollar amount is yet to be decided, either by a Court Order, or by joint stipulation between parties;   A status Conference may provided a unique platform for both parties' to present constructive proposals and reasons under the oversight of the Court;

    Shortly before this Honorable Court made her decision (Doc. 58) upon Plaintiff's Motion to Compel (Doc 44/45); Counsels on both sides were newcomers and did need a reasonable period of time to get familiar with the case dossier, Mr. David Rommissy entered into the case on March 1, 2019; Mr. Ning Ye's pro hac vice application for entering the case was granted on March 13, 2019. Neither counsel was thoroughly conversant with what Judge

1

> Buchanan held "the complicated history" of this instant case. An undisputed fact to demonstrate Plaintiff's new counsel's ignorance in his case dossier is shown by his misrepresentation to this Court accusing Defendant, then a pro se, had only served his client with an "inadequate answers to RFP" together with several newspaper clippings.   Yet a fully developed records shows that pro se Defendant had not only served Plaintiff his answer to RFP, yet adequate and detailed answers to Plaintiff's Interrogatories.\*

Defendant apparently believed in good faith that his timely service of his answers to both RFP and Interrogatories had sufficiently met the standard requirement of the discovery, and he had three months of time to comfortably live in such confidence in Plaintiff's absence of objection or any attempts in conference with him requesting supplements.   What else can we expect to a pro se litigant, a lay person, who was reluctantly chained into such a complicated Federal Litigation by a multi-billion business mogul in past or active affiliation with Chinese communist secret police apparatus, to do better under the circumstances?

---

\*The Hon。 Judge Buchanan wrote，infootnote2："Defendant also alludes to Plaintiff submitting "incomplete records" as part of its motion to Compel….The Court does not quite understand Defendant's contention, but finds it noteworthy that Defendant did not include the apparently missing records as part of its opposition to Plaintiff's Motion to compel." (Doc 65 p2) The undersigned counsels for Defendant express heartfelt apology for clerical mistakes due to flawed exchange of information between the memo drafting counsel and the filing sponsoring counsel.  As the result of such clerical flaw due to Mr. Ye's absent-mindedness, a copy of Defendant's Answers to Plaintiff's Interrogatories was not included in the filing as an Exhibit, together with several corrected final version of papers.   By taking this opportunity, counsels respectfully prays that this Honorable Court permit Defendant to re-file these documents as attached exhibits to this Motion the following documents:

Exhibit 1: Corrected version of the 03/25/2019 Motion for Reconsideration with two tables (Table of Contents and Table of Authorities) , preferably to substitute Doc. 62;

Exhibit 2: Corrected Version of Memorandum in Support Thereof (Doc 63);

Exhibit 3: Mr. Ning Ye's Affidavit Statement in Support of the Motion;

Exhibit 4: Copy of pro se Defendant Yeliang Xia's timely Answers dated 12/06/2018   to Plaintiff's Interrogatories, which should have been included on the date of filing;

2. We don't know how much was the exact percentage as of the decisive factors that contributes to the Honorable Judge Theresa Buchanan's decision in favor of Plaintiff's Omnibus Motion involving Motion to Compel and for Sanctions by Plaintiff's obscurity tactics preventing the Honorable Judge Buchanan from seeing the whole picture of Defendant's timely service accomplished on December 6, 2018.   That picture should have included what Defendant fully served upon Plaintiff, not just small portion thereof.   Presenting the Judge with a full truth instead of half truth with fully developed court records would have, for obvious reason, helped the Court to exercise wiser judicial wisdom reducing into a likely different decision.   A judicial decision made on half concealed factual truth due to Plaintiff's obstruction not to allow the Court to see the entire truth yet mis-fed the Court with half concealment. We assume that the Plaintiff's mistake using mis-information is due to his newly retained counsel's lack of time to carefully and thoroughly reviewed the case dossier. However, he should be given an opportunity to explain to this Court why had he chosen not to allow this Court to read Defendant's timely Answer to Plaintiff's Interrogatories?

3. The benefits of this oral argument session may also give Plaintiff's counsel to explain to this Honorable Court why had Plaintiff chosen not to disclose to this court with another half-obstructed truth in addition to disclosure of the half truth that Defendant's Answer to RFP appeared inadequate, an isolated and lone reason virtually in the form of conclusive remarks, in support of his half motion to compel and for sanction; that Plaintiff did not do any single thing in the quietly lapsed entire 4 full months period, either in response to this Court's 10/31/2018 Rule 16 Scheduling order, or in response to mandatory Requirement for offering initial disclosures to Defendant under Rule 26 FRCP, neither has it initiated any conference leading to such obedience to Rule 16 Order, to Rule 26 jurisdictional mandate. Plaintiff in this case is Plaintiff, and being represented with high roller professional litigating counsels while

Defendant is a disproportionately poorer lay person pro se litigant. A status conference before Judge Theresa Buchanan held nunc pro tunc, may provide the Plaintiff with such a precious opportunity that his concealment and obstruction by concealing such a critical half-truth for the purpose of an easier pass of his half-Motion to Compel and for sanction was not willful, not fraudulent, but because he did not have enough time to thoroughly review case dossier, or it was because his predecessor Danial Ward, Esq., withheld the truth from him, or forgot telling him fully.

4. By taking the opportunity to present to this Honorable Judge Buchannan, Plaintiff may need to explain to the Court why should he find it compelling to file such a frivolous motion to compel without giving non-moving pro se Defendant with 21-day time window to respond that Motion in violation of Local Rule 7 (F)(1). ) To clarify this question may answer the Honorable Judge Buchanan's holding that "Neither FRCP nor the Local Rules prescribe a time within which a party must file a motion to compel."Citing Hoai Thanh v. Hien T. Ngo a D.Md 2013 case, that Maryland case further reads that such a motion to compel must be filed within "reasonable time". It is plaintiff's duty to explain to the Court that what would be any compelling reason for Plaintiff to such a motion to compel, which he did not have to file, in heads-on collision cause violation of Local Rule 7(F). According to case law being cited by this Honorable Court in 03/14/ 2019 Order, such a motion to compel must be filed within reasonable time period, a time period a week-shorter did not appear as a reasonable time window being left for a pro se litigant to respond while this case is not the game being fought between Plaintiff's newly retained counsel and this Court, it is an adversary litigation between Plaintiff and Defendant. The timeframe did not appear reasonable while filing of such a Motion without obediently abide by the Rule 37, of the FRCP and Local Rule 7(F), particularly given to Plaintiff's idling in quietness without objection for a prolonged lapse of three months times. Had Plaintiff filed such a

Motion to Compel, for instance, on or before February 21, 2019, instead of March 1, 2019, to barely fit for the 21-day statutory timeframe, then, Plaintiff's last minute action might have facially satisfied the minimum timeframe of "reasonable time period", even if it still appeared disproportionately unreasonable in comparison to too much time Plaintiff had wasted. Plaintiff may need to justify his agenda why his improper winning even in violation of the rules is much weightier than helping maintaining the integrity of this Court in administrating justice? Local Rule 7 (F)(1) is NOT the Rule which only governs only "dispositive motion" Motions, the Rule governs all motions, therefore, Plaintiff in this case must obey Rule 7(F)(1 ) in order to certify that his Motion to Compel were filed "within reasonable time period".

5. Such a status conference before the Honorable Theresa Buchanan may help clarify a tiny technical, yet significant issue whether Plaintiff's out-of-time filing of his Motion to Compel has obeyed the Rule 37 FRCP, and Local Rule 37(E). Plaintiff's counsel argued that he had "conferred" the pro se Defendant before he filed his Motion to Compel on March 1, 2019, by sending an email to the pro se litigant.   The pro se litigant told this undersigned that he had never been aware of the existence of such "conference" by email from Plaintiff.   Both parties had an unsolved disputes as to who was telling the truth to the Court.   The record appeared very unfriendly to Plaintiff.   The Record shows that Plaintiff had no proof that it issued any conferring message to demonstrate the moving party's good faith in solving extremely limited remaining issues regarding Plaintiff's RFP request without resorting to burdening the Court any time *BEFORE* March 1, 2019.   Record also shows that Plaintiff's new counsel entered his appearance for this instant case on the day of March 1, 2019 (Doc 43).   Records also show that Plaintiff's new counsel filed this Motion to Compel on March 1, 2019 as well.   Therefore, his efforts to confer was highly unlikely made any time prior to March 1, 2019,

neither did he so "certify" to this Court. On this March 1, 2019 and any time before, what was Mr. Morrissy to this pro se litigant? Completely a stranger. If Mr. Morrissy did seriously and honestly mean to obey the Rule 37 FRCP and Local Rule 37(E) governing what is legally mandated good faith behavior of a movant in filing Rule 37 Motion to Compel, his certification should have included a statement telling the Court his good faith efforts trying to communicate the pro se Defendant, and how did he introduced himself to the pro se Defendant and what his conferring looks like. None of these were there while the pro se litigant categorically denied the mere existence of such a "conference". Plaintiff's violation of the plain meaning of the words and principles of Rule 37(E) is an irreversible, irreparable error, which should lead to straight-forward denial of his Motion to Compel, should such an issue were given a chance to orally debated before Judge Theresa Buchanan before Decision was rendered.

Local Rule 37 (E) provides: "Counsel shall confer to decrease, in every way possible the filing of unnecessary discovery motions. No motion concerning discovery matters may be filed until counsel shall have conferred in person or by telephone to explore with opposing counsel the possibility of resolving the discovery matters in controversy. *The Court will not consider any motion concerning discovery matters unless the motion is accompanied by a statement of counsel that a good faith effort has been made between counsels to resolve the discovery matters at issue.* " With the status conference before Judge Buchanan, Plaintiff's counsel should be given an opportunity to clarify to the Court that he actually conferred with the pro se litigant by telephone requesting for Defendant to cure the "inadequacy" of the answer to RFP. It is highly likely that the Counsel did not even make any phone calls ahead of time, or not doing so even after he had already filed. Both parties need to proffer before Judge Buchanan whether conference was properly made.

6. Such a Status Conference appears absolutely necessary and will be in the interests of justice pursuant to Rule 16(a)(3). Judge Buchanan's 03/27/2019

Order (Doc 67) held: "Defendant, however, may of course object to Plaintiff's requested fees upon Plaintiff filing his required statement of fees and costs." （Doc 65, p2） Should such status conference settled such remaining issues on the Conference, this Honorable Court then does not have to be burdened by adjudicating Defendant's objections because it was settled. Moreover, on March 15th Status Conference, the Hon. Liam O'Grady held that there was no sanctions upon Defendant regarding discovery, when Mr. Morrissy reminded that Sanction had already be in the place, Judge O'Grady instructed that Defendant might file a Motion to Reconsider. Should such a Motion to Reconsider got denied, Judge O'Grady added; "You may appeal…" Once this status Conference has solved remaining problems, there should be no need to appeal pursuant in light of Rule 16(a) (3).

7. Also on the March 15, 2019 Status Conference before the Hon. Liam OGradthis Court directed counsels for both parties to take a teleconference with Judge Theresa Buchanan.  Ms. Rachael Gray, one of this undersigned's sponsoring counsels also received instructions from Judge Buchanan's Chamber inquiring what dates are available to all participating counsels for the conference. A personal appearance in front of Judge may be much better than a telephone conference.  Therefore, in this light, this undersigned humbly propose that a Status Conference is scheduled on April 17, 2019 before Judge Buchanan。

8. Noticeably，both Parties are mutually approach one another discussing settlement of the case.  Though this Defendant already served the Plaintiff via his counsel voluminous supplemental materials regarding the discovery of RFP by the deadline set forth by Your Honor, Plaintiff's side may not be easily able to dutifully answer all Defendant's comprehensive three part discovery requests. An earlier settlement under the Honorable Judge Buchanan's Judgeship may be in the mutual benefits of all participating parties. To say the

most, the cause of action for this case is no more than a textbook SLAPP tactics, where exchanges of verbal accusations in the air is what the case's prima facie merits. The only wild, excessively egregious elements in this instant case is Plaintiff's such covert acts running advertisements to "procure" predetermined "sexual scandals" against the Defendant by fishing expedition type advertisement with later dishonored promise of six digits monetary rewards to all "women victims". Earlier settlement will be in the best interests on the Plaintiff's side, because it is highly unlikely Plaintiff will have chance to prevail by merits before a jury. By taking the opportunity, should this Court be pleased to "facilitate" both Parties to settle their disputes by amicable settlement pursuant to Rule 16(a) 5.

9. With such a status conference, it will be clarified whether this Court's opening the flood gate to allow Plaintiff to reargue the issues that Judge O'Grady held "moot" will also equally permit the Defendant to reargue such mooted issues as "RICO", with growing evidence of Plaintiff's covert operations in the United States tainted with money laundering, with Hong Kong criminal Court's seizures and forfeiture of HK$36.2Billion, roughly equalizing to U.S.$4.2Billions, by Hong Kong High Court of Criminal Part against Wengui Guo; with most recent emergence of his alleged "criminal activities in inclusion with numerous accomplices; etc. This Court is correct that 12/07/2018 Court Order (Doc 39 and 40) ruled Plaintiff's Pray to Reargue (Doc 25, 36/37) is "MOOT" was derived from the Court's finding that Defendant's Amended Complaint (Doc 33, dated 12/03/2019) had been a done deal which had been adjudicated and decided by the Court's 12/05/2018 Order and Opinion. In which this Court denied Defendant's counterclaims in part and granted in part. Nevertheless, the Court's order and finding of "Mootness" and derivative mootness also judicially decalred Plaintiff's attempts to reargue the two remaining counts became moot, therefore denied. A derivative mootness is also a mootness.

Clerical mistakes, newly discovered evidence may justify this Amended Motion for Reconsideration, *sua sponte*, addressing both March 14, 2019 Order and March 27, 2019 Order.

## ANALISIS

Defendant fully understands the Court's accurately defined its statutory restriction on the statutory mandate citing Rule 37( a) (5 ) ( A): "…if a motion to compel is granted, 'the court **must** … require the party or deponent whose conducted ("conduct"?) necessitated the motion…to pay the movant's reasonable expenses…". "A Court does not have a great deal of discretion in this regard and therefore cannot agree with the Defendant's Contention…" (Doc 68, pp 1-2)

A status Conference before this Honorable Theresa Buchanan, the Judge, may allow this Defendant to help the Court by explaining that Defendant's "contention" is not to simply a piecemeal prayer for the Court to remove or reduce his obligation to pay, yet it is his prayer for the Court to reconsider both the March 14, 2019 and March 27, 2019 Orders by their entirety including the part relating to motion to compel, due to numerous solid grounds among which is Plaintiff's concealment and obstruction not to allow this Court to review the merits upon complete records.    Plaintiff's 03/01/2019 Motion which should have been thrown out for violation of Local Rule 37(E ) and Rule 37 FRCP, had misled the Court by obstructing the Court to see the fully developed records, while critical information was missing among all failures.

"If the record ultimately proves to be incomplete, deference to the state court's judgment would be inappropriate because judgment on a materially incomplete record is not an adjudication on the merits." " Winston v. Pearson (II), 683 F.3d 489, 496 (4th Cir. 2012) Winston I, 592 F.3d at 553 While 4th Circuit stressing that the state court 'had its opportunity to consider a more complete record, but chose to deny Winston's request for an evidentiary hearing'" Winston v. Pearson (I), 592 F.3d at 553 (4th Cir. 2012) .

A duty to observe Rule 16b Scheduling order and Rule 26 discovery mandate is not a one-way traffic. It is imposing equally the obligations to obey in good faith on both

9

Plaintiff and defendants. In this instant case, this Court correctly ruled that both parties showed their diligence in the first part of the discovery proceedings, then both flunked during the most recent months. (Doc 52, p 2)

Although Rules 37(b)(2) and 37(d) have been silent as to award of expenses, courts have nevertheless ordered them on occasion. E.g., United Sheeplined Clothing Co. v. Arctic Fur Cap Corp., 165 F.Supp. 193 (S.D.N.Y.1958); Austin Theatre, Inc. v. Warner Bros. Picture, Inc., 22 F.R.D. 302 (S.D.N.Y. 1958). The provision places the burden on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust. Allocating the burden in this way conforms to the changed provisions as to expenses in Rule 37(a), and is particularly appropriate when a court order is disobeyed. "Dismissal of the action and default judgment are not justified, but the imposition of expenses and fees may well be." "Willfulness" continues to play a role, along with various other factors, in the choice of sanctions. Thus, the scheme conforms to Rule 37(b) as construed by the Supreme Court in its landmark case, namely, Societe Internationale v. Rogers, 357 U.S. 197, 208 (1958). Rule 37 provides generally for sanctions against parties or persons unjustifiably resisting discovery. Experience has brought to light a number of defects in the language of the rule as well as instances in which it is not serving the purposes for which it was designed. See Rosenberg, Sanctions to Effectuate Pretrial Discovery, 58 Col.L.Rev. 480 (1958) See Rosenberg, supra, 58 Col.L.Rev. 480, 489—490 (1958).

For technical, yet could probably be constitutional, issues of "court's decision upon incomplete records" alone, Plaintiff's Motion to Compel, among others, must be denied *ab initio*.

On the contrary, a willful resistance to obey both the Court's 10/31/2018 Rule 16 Scheduling Order and March 15, 2019 Court Order extending the Discovery deadline until May 12, 2019. Counsel for the Plaintiff told the Hon. Liam O'Grady, that Plaintiff might be only able to answer Defendant's RFP, rather than all three parts

including Interrogatory, and Request for Admissions. It is well documented that it is Plaintiff who flatly flunked both Rule 26, and the Court's Rule 16b Scheduling Order serving not a single word to Defendant either with initial disclosures or Court ordered discovery by Doc. 29, prior to March 1, 2019, March 15, 2019, until today.

Defendant does not understand why his timely service of both answers to Plaintiff's RFP request and Interrogatories have been ruled as "willful" violations of Rule 37, which was instead apparently violated by the movant in his well evidenced inaction. In complete absence of the Defendant's willful violation in bad faith, there is nothing to necessitated Plaintiff's fussy Motion to Compel.   If there is nothing in any place to reasonably necessitate Plaintiff to file such a frivolous motion to compel, such a fake motion should be instantly suppressed and denied.

Assuming arguendo that the Defendant were a "disobedient party" likely to subject to sanctions, yet the record, complete or incomplete alike, shows the opposite by the fact that Defendant serves, Plaintiff takes with no objection until 03/01/2019, Defendant may still have the defense of justice.   Assuming this Court's grant of Plaintiff's fussy and frivolous Motion to Compel and for sanctions, among others were correct, its legal reasoning may still involved highly visible flaws: Defendant, acting as a pro se, a lay person, whose good faith action to timely complete his service of both parts of Plaintiff's request for answer, fully unaware of Plaintiff's conferring, objections, or request for cure within the entire period of the first cycle of this Court ordered discovery timeframe ranging from October 31, 2018 through March 1, 7 days before the closure of the original timeframe, followed with the 2nd cycle of the Court ordered extended timeframe, Defendant's request for curing, instead of punishing, is justified to say the least, particularly given to Plaintiff's willful defiance by doing nothing.

Rule 37 sometimes refers to a "failure" to afford discovery and at other times to a "refusal" to do so. Taking note of this dual terminology, courts have imported into "refusal" a requirement of "willfulness." See Roth v. Paramount Pictures Corp., 8 F.R.D. 31 (W.D.Pa. 1948); Campbell v. Johnson, 101 F.Supp. 705, 707 (S.D.N.Y.

1951). In Societe Internationale v. Rogers, 357 U.S. 197 (1958), the Supreme Court concluded that the rather random use of these two terms in Rule 37 showed no design to use them with consistently distinctive meanings, that "refused" in Rule 37(b)(2) meant simply a failure to comply, and that willfulness was relevant only to the selection of sanctions, if any, to be imposed. Nevertheless, after the decision in Societe, the court in Hinson v. Michigan Mutual Liability Co., 275 F.2d 537 (5th Cir. 1960) once again ruled that "refusal" required willfulness. Substitution of "failure" for "refusal" throughout Rule 37 should eliminate this confusion and bring the rule into harmony with the Societe Internationale decision. See Rosenberg, supra, 58 Col.L.Rev. 480, 489—490 (1958).

Conclusion:

Finally, referring to Defendant's prayer for the Status Conference serving for the purpose under Rule 16(a) ( 5), a Court supervised joint stipulation or any other means of settlement solutions may be a Blessing for everyone mostly the Plaintiff who has already brought 17 separate Defamation litigations against a gradually increased pro-democracy activists on exile with ethnic origin of China from Coast to Coast. A quick settlement, for instance, with one dollar damage, would be least painful solution for all participants as this undersigned repeatedly called for when such a game was initiated at the first place.

Remembering Judge John J. Parker's admonition that litigation "is not a children's game, but a serious effort on the part of adult human beings to administer justice." United States v. A. H. Fischer Lumber Co., 162 F.2d 872, 873 (4th Cir. 1947)). The court then stated that Fed. R. Civ. P 1 requires practitioners on both sides to "strive for 'the just, speedy and inexpensive determination of every action.'" Quoting Justice Louis Powell, the court emphasized that the "burgeoning costs of civil litigation" cast "a lengthening shadow over the basic fairness of our legal system," and instructed "all those associated with the practice of law" to conduct litigation "with [Fed. R. Civ. P. 1] as their goal" in order to contain costs.   After repeating Judge Parker's admonition to take seriously the administration of justice, the court denied both parties' motions for sanctions.10   Foxley Cattle was before the court on defendant's request for costs and fees following its successful motion to compel discovery.12 5 Id. at *1. In reversing this application, the court held that defense counsel spent more time on certain tasks Foxley Cattle Co. v. Grain Dealers Mut. Ins. Co., 142 F.R.D. 677 (S.D. Iowa 1992). In Foxley Cattle Co. v. Grain Dealers Mut. Ins. Co., the district court addressed the role Fed. R. Civ. P. 1 plays in ensuring access to justice. Foxley Cattle was before the court on defendant's request for costs and fees following its successful motion to compel

discovery.12 5 Id. at *1. In reversing this application, the court held that defense counsel spent more time on certain tasks

The Follexy Court indicated that these concerns provided further justification for limiting compensation for fees defendant incurred in preparing its Fed. R. Civ. P. 37 motion. After expounding upon the importance of keeping federal court redress within public reach, the court stated that "the Federal Rules of Civil Procedure, including Rule 37(a)(4), 'shall be construed to secure the just, speedy, and inexpensive determination of every action.'"

Wherefore, in the foregoing light (though Follexy Decision does not have binding effects upon this Court), Defendant respectfully prays that a Status Conference be held to resolve all related issues contained in the Hon. Judge Buchanan's two Orders.

Respectfully submitted by,


/s/Henry Dennis, III, Esq.
VA Bar Number 40888
Dennis Stewart & Krischer, PLLC
2007 15th Street, North, Suite 201
Arlington, VA 22201

/s/Ning Ye, Esq.
Counsel by Pro hac vice
Law Office of Ning Ye, Esq.
135-11 38th Avenue, Suite 1A
Flushing, NY 11354

Counsels for Defendant Yeliang Xia

CERTIFICATE OF SERVICE

The undersigned certifies that on this 1st day of April, 2019, he caused to be served upon the addressee, the counsels for the Plaintiff, below a copy of the within captioned Opposition together with all enclosures via this Court's ECF Broadcasting system:

> J. David Morrissy, Esq.
> 409 7th Street, NW
> Suite 300
> Washington, DC 20004
> Counsel for the Plaintiff

_____
/s/Harry Dennis, III, Esq.
Counsel for the Defendant