# UNITED STATES DISTRICT COURT
for the
## EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| WENGUI GUO<br>a/k/a Miles Kwok,<br><br>    Plaintiff,<br><br>  - against -<br><br>YELIANG XIA,<br><br>    Defendant. | Case No. 1:18-CV-00174-LO-TCB |

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

COMES NOW, plaintiff Wengui Guo ("Wengui"), by counsel, in opposition to defendant Yeliang Xia's ("Defendant") motion to compel.

### PRELIMINARY STATEMENT

Defendant's motion requesting that this Court compel Wengui to "answer Defendant's three-part discovery request" is wrought with mischaracterizations of the relevant facts and misinterpretations of the governing rules. The 101-page submission goes as far as alleging Defendant served certain documents that he never did, alleging Wengui did not serve documents that he did serve, attaching only sections of documents but purporting to attach the entire documents, and even removing the certificate of service from one document and replacing it with the tracking information from another document in order to support a contention of proper service of a document that was never served. Such contemptable practice cannot be countenanced by the Court.

Even putting Defendant's misrepresentations to the Court aside, his motion must fail because it is devoid of merit warrants no intervention from the Court on behalf of Defendant.

The relevant facts are simple: 1) Wengui fully and substantively responded to Defendant's Notice to Admit, 2) Wengui responded in good faith to defendant's unintelligible requests for production and supplemented his response when it became apparent such a supplement was warranted, 3) Wengui rightfully rejected Defendant's improperly served and rule incompliant interrogatories, and 4) Defendant never properly noticed Wengui's deposition.

Based upon the foregoing, which will be discussed in more detail herein, Defendant's motion to compel should be denied in all respects, and if sanctions are levied by the Court relating to this motion, they should be levied against Defendant pursuant to Rule 37(G) and (H) of the Local Rules for the United States District Court of the Eastern District of Virginia (the "Local Rules"), which govern unnecessary discovery motions and related sanctions.

## LEGAL ANALYSIS

Rule 7(F)(1) of the Local Rules clearly sets forth that all "[a]ll motions…shall be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of authorities upon which the movant relies." Defendant has failed to set forth which of his discovery requests he requests the Court to compel Wengui to answer, he has failed to address any of the stated objections to those requests Wengui did not answer, and the law Defendant cites appears to be inapposite in the context of his requests. Defendant conclusorily states that "[t]he record shows that Plaintiff has never acted in good faith while providing Defendant with zero or close to zero answers to the Discovery" (p. 9 of Defendant's memorandum). He, however, fails to expound upon that statement with particularity or support it with any genuine evidence.

Additionally, Local Rule 37(E) requires counsel to confer to decrease unnecessary discovery motions and sets forth that no motion shall be filed unless movant's

counsel has conferred with opposing counsel regarding the possibility of resolving the discovery matters in controversy. Defendant's counsel's certification to the same is inauthentic. Many times, in writing, and over the telephone, I have attempted to narrow the discovery issues between the parties – I have invariably been met with the same blanket demands echoed in Defendant's motion, *i.e.*, that all his demands should be fully responded to immediately without exception or discussion. Therefore, it is respectfully submitted that, pursuant to Local Rule 37(G), Defendant's motion and discovery requests are unnecessary, and he should therefore be subjected to appropriate remedies and sanctions to be determined by the Court.

Conversely, any purported non-compliance with Defendant's discovery requests by Wengui is absolutely warranted and justified based upon the frivolousness and unreasonableness of Defendant's requests. Regardless, as demonstrated below, Wengui attempted in good faith to respond to such demands. See, Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 598 (4th Cir. 2003) – a case cited by Defendant in his memorandum.

**Delivery of Defendant's Discovery Requests and Wengui's Service of Responses**

Defendant delivered, through *pro hac vice* counsel Ning Ye, Defendant's discovery requests via e-mail to Wengui's counsel on March 20, 2019. The e-mail is annexed as **Exhibit 1** and the attached requests are annexed as **Exhibit 2**. Neither party nor any of their attorneys had previously discussed service by e-mail. Although the e-mail attached as Exhibit 1 and the certificate of service on page 34 of Exhibit 2 state that the discovery requests were also served by "first class mail," the requests were only delivered by e-mail.

Notwithstanding improper service, and in an effort to keep this matter moving forward, Wengui served responses to Defendant's discovery requests on April 19, 2019 by Federal Express, and such responses were delivered by Federal Express to Defendant's counsel

on April 23, 2019. The certificate of service, shipping confirmation, and delivery confirmation are annexed collectively as **Exhibit 3**. The covering letter, responses to Defendant's Notice to Admit and responses to Defendant's Requests for Production ("RFP") were all delivered together in the same package, but are annexed here individually, for ease of reference as **Exhibit 4** (letter), **Exhibit 5** (Notice to Admit Response), and **Exhibit 6** (RFP Response). Of note, the letter annexed as Exhibit 4 invites a dialogue with Defendant's attorneys regarding narrowing the scope of Defendant's objectionable demands and Wengui's intention to produce all documents responsive to any unobjectionable demands.

Thereafter, without prompting, Wengui served a supplemental response to Defendant's RFP when it became evident Wengui was in possession of further documents responsive to Defendant's requests. That supplemental response, with its certificate of service, are collectively annexed as **Exhibit 7**.

**Defendant's Notice to Admit**

As demonstrated by Exhibit 5, Wengui fully responded to Defendant's Notice to Admit. Defendant's only assertions to the contrary in his motion are that 1) "[Wengui's] cooperation with Defendant in discovery has been…close to zero (RFP and Request for Admission)" (Dkt. 72 at p. 5) and 2) "[Wengui's] inadequate answers to Request for Admissions (Exhibit 9) (an isolated one was admitted) …should be disregarded" (Dkt. 72 at p. 11).

A cursory review of Wengui's responses to Defendant's notice to admit demonstrates that three responses included an admission, not "an isolated one." But for Defendant's mischaracterization of the facts, the number of statements Wengui admitted to or denied is irrelevant. Indeed, the number of statements a litigant admits or denies cannot be the barometer of whether they have provided a fulsome response to a notice to admit. Here, the vast majority of Defendant's statements were denied – because they are false. It is unclear what

Defendant means when he says that the responses to his notice to admit should be "disregarded," but they should not be disregarded – they should be taken at face value, as denials of factually inaccurate statements.

It is respectfully submitted that Defendant's requests for admission have already been fully responded to, and no new response now would deviate in any way from what has previously been provided to Defendant. Therefore, that section of his motion seeking an order compelling Wengui to "completely answering Defendant's…22 Requests for admissions, one by one [*sic.*]" should be denied in its entirety.

**Defendant's Requests for Production**

Defendant misleadingly annexes Wengui's first response to Defendant's RFP to his motion to compel, but fails to include 1) Wengui's attorney's letter covering the first discovery response production, 2) the responsive documents delivered with the first RFP response, or 3) any part of the supplemental RFP response. Those items are annexed here as Exhibits 4, 6, and 7, respectively.

Additionally (and disingenuously), by this motion Defendant alleges that he served his RFP, Notice to Admit, and Interrogatories by mail on March 25, 2019. As is evident from the e-mail dated March 20, 2019 (Exhibit 1), and the certificate of service attached to discovery requests, Defendant's counsel transmitted his discovery requests on March 20, 2019 (and he did so only by e-mail). The date and manner of transmission of the documents are essentially irrelevant, but for the lengths that Defendant has gone to conceal the truth about them. He both omitted his own certificate of service from the discovery requests he attached to his motion and added tracking information for an unrelated package that was delivered to Wengui's attorney's office on March 28, 2019. The tracking information relates to Defendant's purported supplemental "Answers to Plaintiff's RFP" following this Court's Order compelling

him to supplement his production (Dkt. 58). Annexed as **Exhibit 8** are Defendant's supplemental responses to Wengui's requests for the production of documents (the exhibits delivered therewith are intentionally omitted as they are not relevant to the instant motion). The certificate of service of that document appears on page 10 of Exhibit 8, and states that it was served on March 25, 2019 (not Defendant's discovery requests). Indeed, I received Defendant's responses, not his requests, on March 28, 2019 with the shipping information Defendant erroneously states relates to the service of his requests. Annexed as **Exhibit 9** is a copy of the subject package. This incorrect shipping information appears odd but relatively innocuous relating to Defendant's RFP, but takes on a decidedly more nefarious nature relating to Defendant's assertions about his interrogatories, addressed below.

Substantively, Defendant's RFP is mostly unintelligible, has absolutely no connection to the defamation allegations at issue in this action, and is founded upon grossly inaccurate factual assertions. There is not one request, or a few requests, that are inappropriate – all of them are. Wengui respectfully invites the Court to review Defendant's RFP attached here as Exhibit 2 and Exhibit 1 to Defendant's motion in the context of Hickman v. Taylor, 329 U.S. 495 (1947), which Defendant cites, and stands for the proposition that mutual knowledge of "relevant facts" is essential to proper litigation. Additionally, as set forth in Sherwin-Williams, *supra*, the Court should employ its broad discretion to come to the determination that Wengui's non-compliance with Defendant's RFP was both justified and harmless. Id. at 597.

Despite the foregoing, Wengui made a concerted effort to analyze and formulate a meaningful response to Defendant's RFP, and served the response to Defendant's RFP upon Defendant on April 19, 2019. In Wengui's response to Defendant's RFP, he articulated precisely why he objected to each of the requests, explained that after a diligent search he is not in possession of responsive documents for some of Defendant's requests, stated that he would

produce certain sensitive information regarding a wholly unrelated ongoing lawsuit pending an appropriate confidentiality stipulation or order, and produced documents responsive to Defendant's catchall request seeking "[a]ny and all documentary…evidence…which you will use on the upcoming trial [*sic.*]." By his response (Exhibit 6) and supplemental response (Exhibit 7) to Defendant's RFP, Wengui produced documentary evidence of every defamatory statement Defendant made about him that is referenced in the Complaint.

Additionally, I repeatedly requested (both verbally and in writing) that Defendant's counsel discuss the scope of Defendants RFP in the hope of reaching an amicable resolution regarding what, if any, other documents could and would be produced. Defendant's counsel never once engaged in any constructive dialogue relating to Defendant's RFP and always maintained a hardline position that they should be responded to exactly as drafted. Some examples of my attempts to conference discovery related issues are annexed hereto, including:

> Finally, as I discussed with Mr. Ye, your client's requests for production and notice to admit are largely unintelligible and objectionable. Plaintiff has no issue producing all the documents responsive to unobjectionable requests that are in his possession. To that end, upon your review of the enclosed objections and production, please contact me so that we may narrow what you are truly seeking in connection with the litigation of this matter.
>
> April 19, 2019 Letter, Exhibit 4.
>
> Finally, your May 1 letter directs that I "must supplement [my] client's response to other two requests for Admissions and for RFP before May 7, 2019" [*sic.*]. As I told you on the phone, and in my letter dated April 19, 2019, your client's requests for production and notice to admit are largely unintelligible and objectionable. Although we have no issue substantively responding to whatever unobjectionable request you timely propound, we are unable to discern what you are seeking that fits that definition. I reiterate my invitation to you to contact me to discuss what documents you are seeking in connection with the litigation of this matter.
>
> May 3, 2019 Letter, annexed as **Exhibit 10**.

> Also, you are incorrect about your statement that my client has not responded to your discovery requests. I served my responses by Federal Express on April 19, 2019 – which you undoubtedly received (please recall that we have discussed my client's objection to your improper interrogatories, which was included with that service). Additionally, I served a supplemental response relating to all of your client's defamatory statements upon you and your co-counsel by e-mail after we had both agreed that service by e-mail is acceptable.
>
> As always, I am happy to discuss any of this. Should you wish to call, my direct dial telephone number is below.

May 7, 2019 e-mail (responsive to Defendant's counsel's e-mail at Dkt. 72-10) annexed as **Exhibit 11**.

These are simply representative communications I have had with Defendant's counsel inviting civil discourse about any discovery issue. There were many telephone conversations between us wherein I reiterated the same sentiment. Defendant's counsel never accepted my offer to discuss his issues with Wengui's discovery responses. Instead, he postured, threatened, and ultimately made this motion without any effort toward an amicable resolution.

Therefore, Defendant's assertions that Wengui has refused or failed to cooperate in discovery are patently unfounded. Wengui has produced all documents in his possession that are responsive to Defendant's unobjectionable demands and believes anyone who reads Defendant's RFP would agree. As such, the section of Defendant's motion seeking an order compelling Wengui "to completely answering Defendant's 03/25/2019 (date of mailing) RFP" should be denied in its entirety.

**Defendant's Interrogatories**

As is demonstrated by Exhibit 2, Defendant failed to properly serve his interrogatories – his counsel simply e-mailed them to me. Wengui rejected Defendant's interrogatories, not only for improper service, but because Defendant's interrogatories are not in

8

compliance with Rule 33 of the Federal Rules of Civil Procedure. As set forth in my letter to Defendant's counsel dated April 19, 2019 (Exhibit 4), Defendant propounded significantly more interrogatories than the 25 the rules allow for.

> By his motion, Defendant asserts that:
>
> Plaintiff answered Defendant's pro se version of discovery requests, the wrong version, of the Discovery Request. The pro se, 03/04/2019 version of interrogatories involved 39 interrogatories. Plaintiff used the 39 numbers as an excuse to refuse to answer any interrogatory. Defendant remained completely zero in answer since October 2, 2018, regardless the fact that Defendant's March 25, 2019 Professional version interrogatory involved questions from 1-25. It is a 25 question Interrogatories which was mailed in priority through USPS and received by Mr. Morrissy on March 28, 2019 (Exhibit 1). As of the date of this filing, Mr. Morrissy has not write a single letter in response to this professionally prepared, three part discovery request after he received it on March 28, 2019.
>
> Defendant's memorandum (Dkt.72). p. 4.

The foregoing statement is untruthful. Defendant filed interrogatories on March 4, 2019, *pro se* (Dkt. 47). That version only propounded 27 interrogatories. Also, that version was supplanted following the parties' March 15, 2019 conference with Hon. Liam O'Grady, where Defendant's newly retained counsel requested that his forthcoming discovery requests supplant his client's previously filed requests.

Thereafter, Defendant's counsel e-mailed the styled "Professional version interrogatory" to me on March 20, 2019, which included not 25, but 34 numbered interrogatory sections (Exhibit 2). My April 19, 2019 letter (Exhibit 4) addressed Wengui's issue with the number of interrogatories propounded by Defendant. I also discussed the rule incompliant nature of the interrogatories with Defendant's counsels during multiple telephone conversations. (Further, as discussed earlier, Defendant's March 25, 2019 correspondence was wholly unrelated to his discovery requests).

Defendant's letter dated May 1, 2019 (annexed as **Exhibit 12**) is further evidence of Defendant's bizarre mischaracterizations of fact before the Court. In the letter, among other things, Defendant's counsel directs Wengui to simply "furnish answers to Defendant's Interrogatories from question #1 through question #25 by May 7, 2019, without delay." Apparently, the May 1, 2019 letter was sent to cure the defectiveness of the interrogatories by reducing the number of them to 25. However, "Defendant's interrogatories from question #1 through question #25" include 48 separate questions, many of which are compound, not to mention incomprehensible. And, simply sending such a letter cannot properly cure defective and rejected discovery requests.

Based upon the foregoing, Wengui respectfully submits that there never have been interrogatories for him to respond to because Defendant's interrogatories are void *ab initio*, and as such, the section of Defendant's motion seeking an "Order to Compel Plaintiff to completely answering Defendant's 03/25/2019 (date of mailing…25 Interrogatories, one by one without omission, to Defendant by June 29, 2019 without delay, under the penalty of summary dismissal of Plaintiff's complaint, in addition to other appropriate sanctions" should be denied in its entirety.

**<u>Defendant's Allegations Relating to Wengui's Deposition</u>**

After many unsuccessful attempts to schedule depositions with Defendant's counsel, I notified Defendant's counsel that I intended to notice Defendant's deposition, and sought unobjectionable date(s) to avoid issue once the deposition was noticed. A relevant e-mail chain I began on April 24, 2019 is attached as **Exhibit 13**. In it, I stated "[t]omorrow I plan on noticing your client's deposition for May 6, 7, or 8. It will largely depend on translator availability, however, to the extent you or our client have a preference, please let me know as soon as possible. Thank you." Twenty minutes later, Plaintiff's local counsel responded that he

did not believe he needed to be present for the deposition. After some back and forth regarding Defendant's counsel's inappropriate *ex parte* communication with the Court, he responded that he would be unavailable on May 7, but would be available on May 6 or May 8.

On April 26, 2019, I noticed Defendant's Deposition. The notice of Defendant's deposition with certificate of service is attached as **Exhibit 14**.[1] Defendant never properly noticed Wengui's deposition. However, on May 2, 2019, Defendant's counsel e-mailed me a document that purported to be a notice of deposition. The e-mail and attached document are annexed collectively as **Exhibit 15**. The document, however, purports to notice Wengui's deposition for "May 8, 2019 starting at 2:00pm or alternatively, on May 9th, 2019, starting 9:30am." By my May 3, 2019 letter (Exhibit 2), I laid out the infirmities with the purported notice of deposition and why it is defective on its face (*i.e.*, that it purports to notice a deposition for one of two days, on six days' notice). On the same day, Defendant filed this motion.

Finally, Defendant works one more mischaracterization into his motion. He stated that in response to his attempts to schedule depositions, I responded that I was unable to sort out my client's availability. Incredibly, he again manipulated his exhibits to make it appear upon a cursory review that what he alleges is true (Dkt. 72-2 and 72-3). Upon closer inspection, it is evident that my purportedly responsive e-mail comes earlier in time than his e-mail and is addressed to Defendant's local counsel, who was attempting to schedule a conference call with the Court, and potentially a settlement conference. (The actual e-mail exchange is annexed within Exhibit 1.) The circumstance I refer to in my e-mail as the cause of my inability to ascertain my client's availability was the death of my client's mother. Every attorney of record knew about Wengui's traditional mourning period because it was discussed in open Court before

---

[1] Defendant never objected to the notice of his deposition (indeed, his attorney confirmed the date was agreeable), however, Defendant failed to appear for his duly noticed deposition.

Judge O'Grady a few days earlier.  Defendant's counsel's unusual mischaracterizations are confounding because they are so thinly veiled and they do not seem to gain him any advantage.

## CONCLUSION

Based upon the foregoing, Defendant's motion seeking to compel Wengui to respond again to Defendant's Notice to Admit, respond to Defendant's objectionable requests for production, answer his void interrogatories and appear for an improperly noticed deposition, all after the close of discovery, should be summarily denied in its entirety.

Finally, Defendant's unsupported and passing reference to his request that this Court "consider a dismissal of the Plaintiff's Part of Complaint [*sic*.]" is wholly unfounded. "The Fourth Circuit has developed a four-part test for determining appropriate sanctions under Rule 37. In essence, "the court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Nettles v. Costco Wholesale Corp., 2006 U.S. Dist. LEXIS 79723, *11, 2006 WL 3299990 (E.D. Va. 2006).  Defendant made no attempt to address that test, and regardless, as set forth above Wengui has not acted in bad faith and has not prejudiced Defendant.

WHEREFORE, Wengui respectfully submits that Defendant's motion should be denied in all respects.

Dated: Washington, DC
May 23, 2019

Z<small>EICHNER</small> E<small>LLMAN</small> & K<small>RAUSE</small> <small>LLP</small>

By: /s/ J. David Morrissy
J. David Morrissy, Esq.
VA Bar No. 93113
409 7th Street NW
Suite 300
Washington, DC 20004
dmorrissy@zeklaw.com
Telephone: (202) 783-0316
Fax: (212) 753-0396
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 23rd day of May 2019, caused an accurate copy of the foregoing Memorandum in Opposition to Defendant's Motion to Compel to be filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to counsel of record, including:

Henry Dennis, III, Esq.
VA Bar Number 40888
Dennis Stewart & Krischer, PLLC 2007
15th Street, North Suite 201
Arlington, VA 22201

/s/ J. David Morrissy
J. David Morrissy, Esq.
VA Bar No. 93113
Zeichner Ellman & Krause
409 7th Street NW
Suite 300
Washington, DC 20004
dmorrissy@zeklaw.com
Telephone: (202) 783-0316
Fax: (212) 753-0396
*Counsel for Plaintiff*

1014020