# UNITED STATES DISTRICT COURT
for the
## EASTERN DISTRICT OF VIRGINA
**Alexandria Division**

WENGUI GUO )
a/k/a Miles Kwok, )
)
               Plaintiff, )
)
       - against - )
)
YELIANG XIA, )
)
              Defendant. )

CASE NO. 1:18-CV-00174-LO-TCB

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff Wengui Guo ("Wengui"), by its attorneys Zeichner Ellman & Krause LLP, hereby responds to Defendant's Requests for Production of Documents (the "Document Demands"), upon information and belief.   Any response, objection, or production of documents by Wengui is without prejudice to Wengui's continuing stated objection to each request.

This response is made without in any way waiving or intending to waive, but rather intending to reserve and reserving: (i) all questions as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose in any subsequent proceeding in, or the trial of, this action, of any of this response or its subject matter; (ii) the right to object to the use of any response, or its subject matter, in any subsequent proceeding in, or the trial of, this action, on any ground; (iii) the right to object on any ground at any time to a demand for further response to these or other discovery procedures

involving or relating to this response or its subject matter; and (iv) the right at any time to revise, correct, add to, or clarify any of the responses propounded herein.

**Request No. 1.**    Any and all such legal documents, such as government issued vital records, travel documents,  legal status records that shows your name is Ho Wan Kwok, Miles Kwok, Wengui Guo, and Hao Yun Guo, and your alter egos are including, but not limited to "Golden Spring (New York) Ltd., Shiny Times Holding Ltd., Spirit Charter Investment Ltd.,  Hong Kong Eastern Profit Corp. Ltd; ACA Capital Group Limited.

Any and all information, documents and records related to Plaintiff's birth date, real names, Chinese and English names, identity, nationality and residency status in China, Hong Kong, Japan, Ahu Dhabi, Britain, Canada, United States and other countries or regions he's lived in or for which he holds passports.

Any and all such legal documents, such as government issued vital records, travel documents,  legal status records that shows you are a U.S. citizen as you have repeatedly alleged and claimed to the public, or a citizen of any states, pursuant to Rule 26(b)(3)(C).

**Response:**    Wengui objects to the Document Request to the extent it seeks information or material not relevant to this action and not reasonably calculated to lead to the discovery of admissible information.  Wengui further objects to the Document Request to the extent it exceeds the extent of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia. Wengui

further objects to the Document Request to the extent they seek disclosure of non-discoverable matters.  Wengui further objects to this Document Request on the ground that it assumes facts not in evidence.  Wengui further objects to this Document Request on the grounds that it is vague, ambiguous, overbroad, confusing, and refers to undefined words. Wengui further objects to this demand on the ground that it is overly broad to the extent that it seeks "any and all documents" and is not narrowly tailored to the proportionate needs of the case and therefore seeks information not relevant to any Party's claims or defenses.

**Request No. 2.**   Any and all information, documents, verdicts and records related to Plaintiff's arrest and other criminal records in China and other countries or regions, including but not limit to conviction of commercial fraud in 1991, and the arrests, charges and convictions of his companies and his employees at Beijing Pangu Investment Company, Zenith Holding Company, which were in the Plaintiff's control; Any and all such Documents as criminal and civil seizures, forfeitures, and of confiscation for Hong Kong Dollar 36.2 Billion according to France News Agency, equalizing approximately US$4.2 billion by Hong Kong High Court of Criminal Justice for criminal conviction against you and your accomplices for the high felony crimes of money laundering and in conspiracy with his son and daughter and their related associates, deputies, proxies, alter egos, co-defendants, etc.

**Response:**   Wengui objects to the Document Request to the extent that it seeks information that is not in Wengui's possession.  Wengui further objects to the Document Request to the extent they exceed the extent of permissible discovery under the

Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia. Wengui further objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts.  Wengui objects to this demand on the ground that it is overly broad to the extent that it seeks "any and all information" and is not narrowly tailored to the proportionate needs of the case and therefore seeks information not relevant to any Party's claims or defenses.  Subject to the foregoing objections, after a diligent search, plaintiff is not in possession of any of the requested documents, if any.

**Request No. 3.**   Any and all charging documents, indictments, court verdicts and judgments, for either convicted, sentenced or indicted felony crimes including,  but are not limited to,  rape, sexual assaults, sexual molestations, bribery, frauds, kidnaping, lynches (assaults),  distortions, money laundering,  forgery, perjury, illegal expropriations of others' properties, mail fraud and wire fraud, obstruction of justice and tampering witnesses, in the United States, Hong Kong, The United Arabic Emeritus, China and other countries or regions.

**Response:**    Wengui objects to the Document Request to the extent that it seeks information that is not in Wengui's possession.  Wengui further objects to the Document Requests to the extent they exceed the extent of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia. Wengui objects to this demand on the ground that it is overly broad to the extent that it seeks "any and all…documents" and is not narrowly tailored to the proportionate needs of the case and therefore seeks information not relevant to any Party's claims or defenses.

4

Subject to the foregoing objections, after a diligent search, plaintiff is not in possession of any of the requested documents, if any.

   **Second Request No. 3.**  Given to your claimed damage totaling $5million against Defendant and Defendant also raised counterclaims of $12.25 million USD for monetary damages, please provide such evidence to prove your ability to satisfy a judgment if a judgment upon counterclaims in favor of Defendant/Counter Plaintiff: Proof of all your such presentable and legitimate income as your salary, dividends, royalty, etc., which reflect your lawful and suspicion free income earned in the United States, and reflected in your annual tax returns, W-2s, Form 1099 and other transaction sheets at least within the numerical limitation of your claimed amount pursuant to Rule 26 (b) (1) in connection to Rule 26 (a)(1)(A)(iv), subject to Rule 34, FRCP:

   Any and all records, documents, accounts, balance sheet, profit-loss statements and all such other information related to Plaintiff's wealth, assets, cash, gold, silver, diamond and related products and artwares, jewelry, antiques, collection of paintings and works of calligraphy by ancient and modern artists and calligraphers of fame, collection of stamps,  arms (for private defense or collection) and property (including but not limit to real property, luxury cruise, private jets, stocks, bonds and banking accounts) in the United States, and all money transfers over $10,000,00 flowing to and from the United States since 2013. pursuant to Rule 26 (b) (1) in connection to Rule 26 (a)(1)(A)(iv), subject to Rule 34, FRCP.

   **Response:** Wengui objects to the Document Request to the extent that it is unintelligible.  Wengui further objects to the Document Request to the extent they

exceed the extent of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia.  Wengui further objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts. Wengui further objects to this demand on the ground that it is overly broad to the extent that it seeks "any and all records" and is not narrowly tailored to the proportionate needs of the case and therefore seeks information not relevant to any Party's claims or defenses.

**Request No. 4.**    Any and all documentary or testimonial evidence which may help you prove that you , though having no legitimate, presentable job or income in the United States, yet you have such excellent and amazing credit to lawfully loan, borrow, convey, take tens of, and hundreds of millions of U.S. dollars, to pay your seven or eight digits of expenses covering attorney fees for suing dozens of pro-democracy activists, human rights campaigners,   maintaining private jets and luxury cruise, and your extravagant life style.

You testified under penalty of perjury in Guo v. Guo case that you are a person having no wealth or assets while living in red by loans, such a "poor man declaration under oath did not bother you to boast in your video speech that you consume your favorite cigar(which costs $5000 USD per piece and top level wines which costs more than $100,000 USD per bottle, not to mention that you boasted of ordering hundreds of suits from top notch designers and tailors in the world, and it costs at least several thousand USD per suit as you described in your video speech), assuming *arguendo* these astronomic funds are free from Chinese Secret Police's overseas depository, or  petroleum funds by either totalitarian treasury of the Far East or Terrorist funds from the Middle East,

or human organ harvesting funds, etc. which flowed into USA through underground channels, please provide any and all documents as exculpatory evidence pursuant to Rule 26 (b) (1) in connection to Rule 26 (a)(1)(A)(iv), subject to Rule 34, FRCP. And Rule 26(b)(3)(C) FRCP.

   **Response:** Wengui objects to the Document Request to the extent that it is unintelligible. Wengui further objects to the Document Request to the extent they exceed the extent of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia. Wengui further objects to the Document Requests to the extent they seek information or material not relevant to this action and not reasonably calculated to lead to the discovery of admissible information. Wengui further objects to this demand on the ground that it is overly broad to the extent that it seeks "any and all documentary or testimonial evidence" and is not narrowly tailored to the proportionate needs of the case and therefore seeks information not relevant to any Party's claims or defenses. Wengui further objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts.

   **Request No. 5.** Defendant does not propound a Request No. 5.

   **Request No. 6.** Record shows that you or your alter ego paid Strategic Vision US LLP $1million in cash being laundered from a Hong Kong based China-Arabic Fund as an upfront payment to allegedly induce or coerce the latter to "engage in criminal activities" that is outlawed; $8million cash reserve for contract balance owing to SV (Case Number:18-cv-02185-JGK, NYED, 2018) $700,000.00 to attorney David Boies, Esq., (David Boies Law Firm Sues Chinese Exile Guo Wengui over Unpaid Legal Bills—by

Nathan Vardi, Forbes,11/26/2018) $19,999.00 in bribery trading perjury in wire frauds paid to a middle aged female California Restaurant owner Ms. Xxx's false charge of so-called "sexual molestation" to defaming Defendant, Several monetary reserve for $100,000.00 each in the similarly alleged "wire fraud bribery trading perjury rewards", monetary cash reserve of $3,000,000.00 in alleged trade of "Guo, Zhao, Ye's so-called investigative service" (Case Number_NY Supreme Court Index: 151251/2019); please provide documents to legitimize the source of all these cash payments/cash reserves and of their circulating routes, channels. Any and all documentary an testimonial evidence that helps prove that afore-listed expenditure or reserve of the cash is not from the ultimate source accumulated from your alleged expropriation drive in collusion with PRC's Secret police in which you are admittedly an integral part by looting numerous multibillionaire private entrepreneurs, including Mr. Qu Long, Li You, Zhang Hongwei, etc., leading to their loss of lives, freedom and properties in China, given to your under oath testimony that you are a man living on loans with no assets and wealth;

**Response:**     Wengui objects to the Document Request to the extent that it is unintelligible.  Wengui further objects to the Document Request to the extent they exceed the extent of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia.  Wengui further objects to the Document Requests to the extent they seek information or material not relevant to this action and not reasonably calculated to lead to the discovery of admissible information.  Wengui further objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts.  Wengui further objects to this demand on the ground that it is overly broad to the extent that it seeks "any and all documentary or testimonial evidence"

and is not narrowly tailored to the proportionate needs of the case and therefore seeks information not relevant to any Party's claims or defenses.

**Request No. 7.**    Any and all documents that proves with certainty that Plaintiff did not include Defendant Professor Xia into Plaintiff's "Hitting-List" involving 92 individuals in his secret deal with SV.   The 92-name hitting list, that you submitted to Strategic Vision USA Corp, together with $1million retainer, requesting the latter to "engage  criminal activities" in spying these 92 potential victims for their real time "geolocations" among other suspiciously terrorist agenda, by "remotely accessing" into their telecommunications, proving Defendant Xainmin Xiong is *not* within the targeted subjects of the hitting list apparently prepared either for allegedly  assassination or political blackmailing.

**Response:**    Wengui objects to the Document Request to the extent that it is unintelligible.   Wengui further objects to the Document Request to the extent they exceed the extent of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia.   Wengui further objects to the Document Requests to the extent they seek information or material not relevant to this action and not reasonably calculated to lead to the discovery of admissible information.   Wengui further objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts.   Wengui further objects to this demand on the ground that it is overly broad to the extent that it seeks "any and all documentary or testimonial evidence" and is not narrowly tailored to the proportionate needs of the case and therefore seeks information not relevant to any Party's claims or defenses.

**Request No. 8.**     Documentary evidence of any factual and legal basis regarding your personal pledge to pour $100 Million into what your publicly pronounced into "Rule under Law Foundation", to prove that such actual or projected funding is neither supplied by Arabic-China funds, nor disposed  and used to pay legal fees pursuing 17 cases from coast to coast against Chinese political dissidents including Defendant Yeliang Xia, or spent in paying more "California victim" type in cash bribery in trading for fraud, pursuant to Rule 26 (b) (1) in connection to Rule 26 (a)(1)(A)(iv), subject to Rule 34, FRCP.

**Response:**     Wengui objects to the Document Request to the extent that it is unintelligible.  Wengui further objects to the Document Request to the extent they exceed the extent of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia.  Wengui further objects to the Document Requests to the extent they seek information or material not relevant to this action and not reasonably calculated to lead to the discovery of admissible information.  Wengui further objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts.

**Request No. 9.**     Any and all rebuttal materials covering the period between 2010 and the present in his defense against his key employee Ms. Wang Yanping's allegations that this Plaintiff has actually involved in numerous crimes including rapes, sexual assaults, fraud, kidnapping followed with illegal detention, bribery, money laundering, etc.  Any and all such documents in which You demanded Ms. Yanping Wang to reverse, correct and apologize in writing issued by you or your attorney.

**Response:** Wengui objects to the Document Request to the extent that it is unintelligible. Wengui further objects to the Document Request to the extent they exceed the extent of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia. Wengui further objects to the Document Requests to the extent they seek information or material not relevant to this action and not reasonably calculated to lead to the discovery of admissible information. Wengui further objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts. Wengui further objects to this demand on the ground that it is overly broad to the extent that it seeks "any and all" of an undefined category of materials for a nearly ten year time span and is not narrowly tailored to the proportionate needs of the case and therefore seeks information not relevant to any Party's claims or defenses.

**Request No. 10.** Any and all communications, correspondence, discussions and records between 2011 and the present between the Plaintiff and Qu Guojiao, an employee who was involved in Guo's money laundering in Hong Kong and alleged in video testimony that the Plaintiff conducted $1.5 billion fraud from Abu Dhabi, while using such fruits of international money laundering to retain numerous professional spying firms to persecute Chinese prodemocracy dissidents including this defendant in the instant action.

**Response:** Wengui objects to the Document Request to the extent that it is unintelligible. Wengui further objects to the Document Request to the extent they exceed the extent of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia. Wengui further objects to the Document

Requests to the extent they seek information or material not relevant to this action and not reasonably calculated to lead to the discovery of admissible information. Wengui further objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts. Wengui further objects to this demand on the ground that it is overly broad to the extent that it seeks "any and all communications" and is not narrowly tailored to the proportionate needs of the case and therefore seeks information not relevant to any Party's claims or defenses.

**Request No. 11.** Any and all communications, correspondence, discussions and records between 1993 and the present between the Plaintiff and the following Chinese government officials, allegedly with whose "leadership" Plaintiff has launched expensive, abusive and frivolous persecution campaign of three-dimensional "unlimited warfare"(Smear Campaign; frivolous litigations; wire fraud by offering dishonored grand bribery in trading for "sexual assault" false accusation, targeting almost all Chinese leading dissidents including this Defendant: Ma Jian, Tsar of Chinese Secret Police apparatus, Deputy Zhang Yue, head of political-legal committee of Hebei Province; Wang Youjie, Party Secretary of Zhengzhou City; Shi Faliang, head of Henan Transportation Bureau; Xiang Junbo, chairman of the China Insurance Regulatory Commission (CIRC) and chairman of the Agricultural Bank of China; Meng Huiqing, an official of CCDI (Central Commission for Discipline Inspection) , Chen Gang, vice mayor of Beijing, Liu Yanping, Secretary for discipline inspection of the Ministry of State Security (minister level official).

**Response:**      Wengui objects to the Document Request to the extent that it is unintelligible.  Wengui further objects to the Document Request to the extent they exceed the extent of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia.  Wengui further objects to the Document Requests to the extent they seek information or material not relevant to this action and not reasonably calculated to lead to the discovery of admissible information.  Wengui further objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts.  Wengui further objects to this demand on the ground that it is overly broad to the extent that it seeks "any and all communications" over a 25 year span and is not narrowly tailored to the proportionate needs of the case and therefore seeks information not relevant to any Party's claims or defenses.

**Request No. 12.**  Any   and   all   communications,   correspondence, discussions and records between 2000 and the present between the Plaintiff and Tony Blair, the Royal family of Abu Dhabi, the government officials of Abu Dhabi, who have ties with Plaintiff's involvement of ACA INVESTMENT FUND part of which was laundered into the United States to pay "Strategic Vision USA LLP" to coerce the latter to allegedly "engage in criminal  activities" to spy on 92 people highly likely including both the above-named and this Defendant.   .

**Response:**      Wengui objects to the Document Request to the extent that it is unintelligible.  Wengui further objects to the Document Request to the extent they exceed the extent of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia.  Wengui further objects to the Document

Requests to the extent they seek information or material not relevant to this action and not reasonably calculated to lead to the discovery of admissible information.  Wengui further objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts.  Wengui further objects to this demand on the ground that it is overly broad to the extent that it seeks "any and all communications" over a nearly 20 year span and is not narrowly tailored to the proportionate needs of the case and therefore seeks information not relevant to any Party's claims or defenses.

   **Request No. 13.** Any and all Documents involving or in relation to those 92 people name list and such related documents as instructions from "leaders" and "organization" to make sure that Defendant is not included in that hitting list involving 92 targeted people in such alleged "criminal activities".

   **Response:** Wengui objects to the Document Request to the extent that it is unintelligible.  Wengui further objects to the Document Request to the extent they exceed the extent of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia.  Wengui further objects to the Document Requests to the extent they seek information or material not relevant to this action and not reasonably calculated to lead to the discovery of admissible information.  Wengui further objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts.  Wengui further objects to this demand on the ground that it is overly broad to the extent that it seeks "any and all Documents" [*sic.*] and is not narrowly tailored to the proportionate needs of the case and therefore seeks information not relevant

to any Party's claims or defenses. Wengui further objects to this demand on the ground that it is cumulative and duplicative of other requests.

**Request No. 14.**   In the Complaint, you claims congregated damages of $5 million against Defendant for the alleged harm you and your loved ones sustained; provide all documents of assessment and accounting, including itemized break-downs in support of your claimed dollar amount damage claim pursuant to Rule 26 (b) (1) in connection to Rule 26 (a)(1)(A)(iii), subject to Rule 34, FRCP.

**Response:**   Wengui objects to the Document Request to the extent that it is unintelligible. Wengui further objects to the Document Request to the extent they exceed the extent of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia. Wengui further objects to the Document Requests to the extent they seek information or material not relevant to this action and not reasonably calculated to lead to the discovery of admissible information. Wengui further objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts. Wengui further objects to this demand on the ground that it is cumulative and duplicative of other requests. Subject to the foregoing objections, after a diligent search, documents potentially responsive to these requests are currently located in China, and Wengui is utilizing diligent efforts to obtain the same.

**Request No. 15.**   Any and all such documents in exculpatory nature, documentary or testimonial evidence in writing that may closely or remotely help you to rebut such Mainstream Media's reports including AP's reports about your alleged rape,

kidnaping and assaulting, including sexually assaulting your former employee Miss Rui Ma.

**Response:**     Wengui objects to the Document Request to the extent that it is unintelligible.  Wengui further objects to the Document Request to the extent they exceed the extent of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia.  Wengui further objects to the Document Requests to the extent they seek information or material not relevant to this action and not reasonably calculated to lead to the discovery of admissible information.  Wengui further objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts.  Wengui further objects to this demand on the ground that it is overly broad to the extent that it seeks "any and all…documents" and is not narrowly tailored to the proportionate needs of the case and therefore seeks information not relevant to any Party's claims or defenses.  Wengui further objects to this demand on the ground that it is cumulative and duplicative of other requests.  Subject to the foregoing objections, documents responsive to this request can be produced with the protection of an appropriate confidentiality order or stipulation.

**Request No. 16.**   Any and all such documents in exculpatory nature, documentary or testimonial evidence in writing that may closely or remotely help you in support of your public acknowledgement that you kept Ms. Rui Ma in custody for only about 6 months rather than one year, pursuant to Rule 26(b)(3)(C).

**Response:**     Wengui objects to the Document Request to the extent that it is unintelligible.  Wengui further objects to the Document Request to the extent they

exceed the extent of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia. Wengui further objects to the Document Requests to the extent they seek information or material not relevant to this action and not reasonably calculated to lead to the discovery of admissible information. Wengui further objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts. Wengui further objects to this demand on the ground that it is overly broad to the extent that it seeks "any and all...documents" and is not narrowly tailored to the proportionate needs of the case and therefore seeks information not relevant to any Party's claims or defenses. Wengui further objects to this demand on the ground that it is cumulative and duplicative of other requests. Subject to the foregoing objections, documents responsive to this request can be produced with the protection of an appropriate confidentiality order or stipulation.

**Request No. 17.**   Any and all such documents, such as government issued documents, sworn affidavits by eyewitnesses that may help you prove any rebuttals against public awareness  that you were, have been and you still are a publicly known corroborates, accomplice, agents, and hit-man in active affiliation to communist China's secret police organ MSS's operation by "utilizing your resources and influence" , "dedicating your life" to safeguard communist dictator Xi Jinping in your 08/26/2017 letter of allegiance to the top leaders in Beijing,  pursuant to Rule 26(b)(3)(C).

**Response:**   Wengui objects to the Document Request to the extent that it is unintelligible. Wengui further objects to the Document Request to the extent they exceed the extent of permissible discovery under the Federal Rules of Civil Procedure and

the local rules of the Eastern District of Virginia.  Wengui further objects to the Document Requests to the extent they seek information or material not relevant to this action and not reasonably calculated to lead to the discovery of admissible information.  Wengui further objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts.  Wengui further objects to this demand on the ground that it is overly broad to the extent that it seeks "any and all...documents" and is not narrowly tailored to the proportionate needs of the case and therefore seeks information not relevant to any Party's claims or defenses.  Wengui further objects to this demand on the ground that it is cumulative and duplicative of other requests.

**Request No. 18.**   Any and all documentary or testimonial evidence that will, or will incline to, rebut such public knowledge, mostly from your own public statements, that you are acting to help Beijing to silence any and all dissidents' voice, suppressing  free dissident speech under 1st Amendment and Article 19, to keep a long line of dissidents to be ripped of both time and money, in 2-3 years, that you vowed in 02/20/2019 public video speech to favor your "older superiors" within the apparatus, namely, "Lao Lingdao"  pursuant to Rule 26(b)(3)(C).

**Response:**     Wengui objects to the Document Request to the extent that it is unintelligible.  Wengui further objects to the Document Request to the extent they exceed the extent of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia.  Wengui further objects to the Document Requests to the extent they seek information or material not relevant to this action and not reasonably calculated to lead to the discovery of admissible information.  Wengui further

objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts. Wengui further objects to this demand on the ground that it is overly broad to the extent that it seeks "any and all documentary and testimonial evidence" and is not narrowly tailored to the proportionate needs of the case and therefore seeks information not relevant to any Party's claims or defenses. Wengui further objects to this demand on the ground that it is cumulative and duplicative of other requests.

**Request No. 19.** Regarding your numerous public video speeches, including your five-page signed 08/26/2017 letter of allegiance to "leaders" and "organization" that may help rebut that what you mentioned "leaders" and "the Organization" of the "Peop;e's Republic" are not malignant totalitarians thugocrats, but they are benevolent ruling bloc to which all Chinese people should be called to help stabilize, pursuant to Rule 26(b)(3)(C).

**Response:**   Wengui objects to the Document Request to the extent that it is unintelligible and does not seem to seek the production of any document. Wengui further objects to the Document Request to the extent they exceed the extent of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia. Wengui further objects to the Document Requests to the extent they seek information or material not relevant to this action and not reasonably calculated to lead to the discovery of admissible information. Wengui further objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts.

**Request No. 20.** Any and all documentary or testimonial evidence which may help you, for rebuttal purpose, to defend that neither you and your old superior ("Lao

Lindao") and intimate partner Mr. Ma Jian, nor Mr. Xi Jinping of "the organization" secretly dispatched from Beijing, is an integral part of China's totalitarian mass murder machine, but the benevolent building bloc of the free mankind.  Therefore, your past and continuing service to them by publicly vowing to dedicate all of your "resources and influence", including your life, will be good for freedom;

      **Response:**    Wengui objects to the Document Request to the extent that it is unintelligible.  Wengui further objects to the Document Request to the extent they exceed the extent of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia.  Wengui further objects to the Document Requests to the extent they seek information or material not relevant to this action and not reasonably calculated to lead to the discovery of admissible information.  Wengui further objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts.  Wengui further objects to this demand on the ground that it is overly broad to the extent that it seeks "any and all documentary and testimonial evidence" and is not narrowly tailored to the proportionate needs of the case and therefore seeks information not relevant to any Party's claims or defenses.

      **Request No. 21.**  Any and all documentary or testimonial evidence which may help you to rebut such charges that you have magically built up your multibillion dollars red (bloody) business empire, including your empty-handedly took tens of billions from National Security Exchanges and Xinhua life Insurance, being backed up by China's secret police apparatus under such secret police Tsar as Zhou Yongkang and Ma Jian,

upon corpses and remains being sunk in pool of blood of your competitors in such a long line of dictatorship backed expropriation drive.

**Response:**   Wengui objects to the Document Request to the extent that it is unintelligible.  Wengui further objects to the Document Request to the extent they exceed the extent of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia.  Wengui further objects to the Document Requests to the extent they seek information or material not relevant to this action and not reasonably calculated to lead to the discovery of admissible information.  Wengui further objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts.  Wengui further objects to this demand on the ground that it is overly broad to the extent that it seeks "any and all documentary and testimonial evidence" and is not narrowly tailored to the proportionate needs of the case and therefore seeks information not relevant to any Party's claims or defenses.  Wengui further objects to this demand on the ground that it is cumulative and duplicative of other requests.

**Request No. 22.**   Any and all documentary or testimonial evidence which may help you establish your charge and accusation in public forum and in this courthouse that Defendant has such sexually transmitted disease as HPV pursuant to Rule 26(b)(3)(C).

**Response:**   Wengui objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts.  Subject to such objection, after a diligent search, Wengui does not possess such a document at this time.

**Request No. 23.**   Any and all documentary or testimonial evidence which may help you substantiate your charge in public forum that Defendant had committed sexual assault or sexual molestation against a California female owner of a Restaurant that prompted you to promise a lucrative reward of US $100,000 with cash payment to any woman who accuse Defendant of rape or sexual molestation as far as she's willing to sign an agreement with your attorney and help with exposure of accusation against Defendant, pursuant to Rule 26(b)(3)(C).

**Response:**   Wengui objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts.  Subject to such objection, Wengui does not possess such a document at this time because such documents were seized Beijing Police.

**Request No. 24.**   Any and all documentary or testimonial evidence which may help you to exonerate such  wire fraud suspicion with justification that your rejection to pay in full what you offered on web by $100,000.00 for each count of sexual assault/harassment charge for each woman victim when that California female restaurant owner asking your honoring your offer in full, ending up your actual payment less than $20,000.00 to that woman; Any and all documentary or testimonial evidence which may help you to rebut that your scam of $100,000.00/pc bribery in trading fraudulent testimony targeting numerous victims including this Defendant is not a criminal conspiracy of fraud, obstruction of justice and tampering of witnesses, but rather, they are good for your alleged dream in "rule *by* law";

**Response:**    Wengui objects to the Document Request to the extent that it is unintelligible.  Wengui further objects to the Document Request to the extent they exceed the extent of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia.  Wengui further objects to the Document Requests to the extent they seek information or material not relevant to this action and not reasonably calculated to lead to the discovery of admissible information.  Wengui further objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts.  Wengui further objects to this demand on the ground that it is overly broad to the extent that it seeks "any and all documentary and testimonial evidence" and is not narrowly tailored to the proportionate needs of the case and therefore seeks information not relevant to any Party's claims or defenses.

**Request No. 25.**   Any and all documentary or testimonial evidence which may help you substantiate your charge in public forum that Defendant was a sexually preying "beast" rather than a "professor" quoting an alleged sexually victimized female student back to Peking University, Beijing China, pursuant to Rule 26(b)(3)(C).

**Response:**    Wengui further objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts.

**Request No. 26.**   Any and all documentary or testimonial evidence which may help you legitimize your publicly announced covert act to target and include children of Defendant Xia, of Defendant Xianmin Xiong, of Defendant Teng Biao, in your hitting list you have conspired with such spying firm as SVs,  in order to place under peril or enormous risks, pursuant to Rule 26(b)(3)(C).

**Response:**     Wengui objects to the Document Request to the extent that it is unintelligible. Wengui further objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts. Wengui further objects to the Document Requests to the extent they seek information or material not relevant to this action and not reasonably calculated to lead to the discovery of admissible information. Wengui further objects to this demand on the ground that it is overly broad to the extent that it seeks "any and all documentary and testimonial evidence" and is not narrowly tailored to the proportionate needs of the case and therefore seeks information not relevant to any Party's claims or defenses.

**Request No. 27.**   Any and all documentary or testimonial evidence which may help you legitimize your covert action in conspiracy with Strategic Vision America LLP, an Las Vegas Investigative Firm, to circumvent the Law of the United States track on 92 USDOS records protected people, presumably including Defendant,  regarding their "itineraries, addresses and lodging, means of transportation, names of carries, geolocation, major events and significant contacts videos and audio that can be accessed remotely ". Any and all documentary or testimonial evidence which may help you to rebut that such the above conspiracy is not part of your project under the code name of "China Dream" or "Rule by Law" publicized on August 26, 2017?

**Response:**     Wengui objects to the Document Request to the extent that it is unintelligible. Wengui further objects to the Document Request to the extent they exceed the extent of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia. Wengui further objects to the Document

Requests to the extent they seek information or material not relevant to this action and not reasonably calculated to lead to the discovery of admissible information. Wengui further objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts. Wengui further objects to this demand on the ground that it is overly broad to the extent that it seeks "any and all documentary and testimonial evidence" and is not narrowly tailored to the proportionate needs of the case and therefore seeks information not relevant to any Party's claims or defenses.

**Request No. 28.**   Any and all documentary an testimonial evidence that helps prove that the PRC's MSS Deputy Minister Ma Jian's confession referring his collusion with you in looting and expropriating  a long line of multibillionaire private entrepreneurs leading to their loss of lives, freedom and properties in China is not part of illegal expropriation by Chinese secret police of which you are an integral part, but rather these are showcasing your ceaseless/tireless efforts to advocate for "rule by law" of Chinese character.

**Response:**   Wengui objects to the Document Request to the extent that it is unintelligible. Wengui further objects to the Document Request to the extent they exceed the extent of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia. Wengui further objects to the Document Requests to the extent they seek information or material not relevant to this action and not reasonably calculated to lead to the discovery of admissible information. Wengui further objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts. Wengui further objects to this demand on the ground that it is

overly broad to the extent that it seeks "any and all documentary and testimonial evidence" and is not narrowly tailored to the proportionate needs of the case and therefore seeks information not relevant to any Party's claims or defenses.

Request No. 29.   .   Any and all communications, correspondence, documents, wiring records, mostly from Hong Kong, "the People's Republic" and the United Arabic Emeritus reflecting your token financial supports to the following your current and former helpers and/or accomplices to aid and abet what you advocated "rule by law in China" project under the cade name of "China Dream": Strategic Vision USA LLP, Tang Baiqiao,  Qinming Jin (aka "Mangliuzi", a web name), Cao Changqing, Zhuang Liehong, Zeng Hong, Wei Lihong (Sarah, twitter@sarawei3), Wang Dinggang, ("Lu De", a web name) Yuan Hongbing, Xiang Lin, Peter Shi, Geng Yan and Qiu Yueshou.

Response: overbroad   not   calculated,   mischaracter, cumulative/repetitious unintelligible Wengui objects to the Document Request to the extent that it is unintelligible.  Wengui further objects to the Document Request to the extent they exceed the extent of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia.  Wengui further objects to the Document Requests to the extent they seek information or material not relevant to this action and not reasonably calculated to lead to the discovery of admissible information. Wengui further objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts.  Wengui further objects to this demand on the ground that it is overly broad to the extent that it seeks "any and all communications, correspondence, documents, wiring records, mostly from Hong Kong" and is not narrowly

tailored to the proportionate needs of the case and therefore seeks information not relevant to any Party's claims or defenses.

**Request No. 30.**   Any and all documentary or testimonial evidence which may help you to prove that you are a Chinese nation's "pioneer political dissident" using YouTube and Twitter to fight for the rule by law in China, and since 2015 has "regularly spoken on YouTube and Twitter about Chinese political and human rights issues", and engaged in highly acclaimed "whistle-blowing" activities disclosing the all such nationally concerned corruptions on summit level of Chinese ruling bloc on summit level and you have approximately 491,000 audience whenever you held out to general public on daily basis.

**Response:**   Wengui objects to the Document Request to the extent that it is unintelligible.  Wengui further objects to the Document Request to the extent they exceed the extent of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia.  Wengui further objects to the Document Requests to the extent they seek information or material not relevant to this action and not reasonably calculated to lead to the discovery of admissible information.  Wengui further objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts.  Wengui further objects to this demand on the ground that it is overly broad to the extent that it seeks "any and all documentary and testimonial evidence" and is not narrowly tailored to the proportionate needs of the case and therefore seeks information not relevant to any Party's claims or defenses.

**Request No. 31.**   Any   and   all   communications,   correspondence, documents and records which may help you to rebut such criminal charge leading to rehabilitation of your alleged expropriation of multibillion dollars from Minzu(National ) Security Co. by a forced deal, as stated in such verdict rendered by Intermediate Court of Dalian China in October 2018,   http://finance.jrj.com.cn/2018/10/12145325195636.shtml For instance, your taking of the multibillion dollar   National Security Co. under the auspices of your alleged leader, i.e., Ma Jian, of your organization i.e., Chinese Secret Police Apparatus without paying a penny is for meritorious cause to promote communist China's democracy and "rule by law",

**Response:**     Wengui objects to the Document Request to the extent that it is unintelligible.  Wengui further objects to the Document Request to the extent they exceed the extent of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia.  Wengui further objects to the Document Requests to the extent they seek information or material not relevant to this action and not reasonably calculated to lead to the discovery of admissible information.  Wengui further objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts.  Wengui further objects to this demand on the ground that it is overly broad to the extent that it seeks "any and all documentary and testimonial evidence" and is not narrowly tailored to the proportionate needs of the case and therefore seeks information not relevant to any Party's claims or defenses.

**Request No. 32.**   .  Any  and  all  documentary  or  testimonial  evidence which may help you to rebut brother Guo Wencun's committing of brutal tortures against

writer Zheng Huang after Huang wrote online blog criticizing Plaintiff in 2012, how you

forced Huang to delete his article and issue a written apology, is not an act of corruption,

yet it is Plaintiff's whistle-blowing actions to promote "Rule by Law" in China. See

http://finance.sina.com.cn/chanjing/gsnews/2017-04-19/doc-ifyepsra4702100.shtml

      **Response:**    Wengui objects to the Document Request to the extent that

it is unintelligible.  Wengui further objects to the Document Request to the extent they

exceed the extent of permissible discovery under the Federal Rules of Civil Procedure and

the local rules of the Eastern District of Virginia.  Wengui further objects to the Document

Requests to the extent they seek information or material not relevant to this action and not

reasonably calculated to lead to the discovery of admissible information.  Wengui further

objects to the Document Request to the extent that it assumes facts not in the record and

mischaracterizes facts.  Wengui further objects to this demand on the ground that it is

overly broad to the extent that it seeks "any and all documentary and testimonial evidence"

and is not narrowly tailored to the proportionate needs of the case and therefore seeks

information not relevant to any Party's claims or defenses.

      **Request No. 33.**  The instant case involving your claim for $5million

damages against Defendant and Defendant's $12,500,000.00 counterclaims; please

provide Defendant with any and all documentary or testimonial evidence regarding

approximately 200 alter egos entities, including but are not limited to, such corporations,

foundations, trusts, derivative trusts, offshore banking institution,  Golden Spring (New

York) Ltd.; Spirit Charter Investment Ltd., Arab-China Investment Group., Co. Ltd.,

Eastern Profit Co. Ltd,. Etc.

**Response:**    Wengui objects to the Document Request to the extent that it is unintelligible.  Wengui further objects to the Document Request to the extent they exceed the extent of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia.  Wengui further objects to the Document Requests to the extent they seek information or material not relevant to this action and not reasonably calculated to lead to the discovery of admissible information.  Wengui further objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts.  Wengui further objects to this demand on the ground that it is overly broad to the extent that it seeks "any and all documentary and testimonial evidence" and is not narrowly tailored to the proportionate needs of the case and therefore seeks information not relevant to any Party's claims or defenses.

**Request No. 34.**    Any and all documentary or testimonial evidence, witness list, expert witness list, which you will use on the upcoming trial;

**Response:**    Wengui objects to this demand on the ground that it is overly broad to the extent that it seeks "any and all documentary and testimonial evidence" and is not narrowly tailored to the proportionate needs of the case and therefore seeks information not relevant to any Party's claims or defenses.   Wengui further objects to this demand on the ground that it is cumulative and duplicative of other requests.  Wengui further objects to this demand on the grounds that it is premature.  Subject to the foregoing objections, after a diligent search, documents responsive to this demand have been produced herwith.

**Request No. 35.** Documents concerning your registration with U.S. Department of Justice as a foreign agent/foreign propagandist on behalf of China pursuant to 1937 Foreign Agents Registration Act.

**Response: overbroad not calculated, mischaracter, cumulative/repetitious unintelligible** Wengui objects to the Document Request to the extent that it is unintelligible.   Wengui further objects to the Document Request to the extent they exceed the extent of permissible discovery under the Federal Rules of Civil Procedure and the local rules of the Eastern District of Virginia.  Wengui further objects to the Document Requests to the extent they seek information or material not relevant to this action and not reasonably calculated to lead to the discovery of admissible information. Wengui further objects to the Document Request to the extent that it assumes facts not in the record and mischaracterizes facts.

Dated:    Washington, DC
          April 19, 2019

                                        ZEICHNER ELLMAN & KRAUSE LLP

                          By: _____
                                        J. David Morrissy, Esq.
                                        VA Bar No. 93113
                                        409 7th Street NW
                                        Suite 300
                                        Washington, DC 20004
                                        dmorrissy@zeklaw.com
                                        Telephone: (202) 783-0316
                                        Fax: (212) 753-0396
                                        *Counsel for Plaintiff*