**ZEICHNER ELLMAN & KRAUSE LLP**
1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

DIRECT DIAL
(202) 783-0316
dmorrissy@zeklaw.com

May 3, 2019

**BY E-MAIL**

Law Offices of Ning Ye, Esq.
Attn: Ning Ye, Esq.
135-11 38th Avenue, #1A
Flushing, New York 11354

**Guo v. Xia; Case No. 1:18-CV-00174-LO-TCB**

Mr. Ye:

I am in receipt of your three e-mails and three separate letters sent within 24-hours Wednesday through yesterday morning. For the sake of efficiency, I will respond to those six communications with this letter.

Preliminarily, with regard to your client's noticed deposition: To be clear, we have not made a conditional offer to depose your client. We noticed your client's deposition pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Virginia. Because you noted that you would be available to defend your client's deposition on May 8, 2019, I noticed it for that date pursuant to the aforementioned rules.

Additionally, relating to your attempts to notice my client's deposition – I never agreed to service by e-mail, so the service of your purported notice of deposition was ineffective. I will accept service of documents relating to this action by e-mail going forward, however, I cannot accept your purported notice of deposition. I would be willing to overlook the service method infirmity for the sake of efficiency, but your notice is dated May 2 and purports to notice a deposition for May 8 or May 9. The Local Rules of the Eastern District of Virginia are clear in that "eleven (11) days in advance of the contemplated taking of a deposition shall constitute reasonable notice of the taking of a deposition…." Further, your notice purports to schedule my client's deposition for either May 8 or May 9. Such an equivocal notice is not appropriate. Finally, as you note, your client is being deposed on May 8. I have explained several times, in telephone conversations and in written correspondence, that it is inappropriate for you to attempt to limit my deposition of your client by trying to schedule both litigants' depositions for the same day. Therefore, because your notice is not timely (and attempts to notice my client's deposition for two alternative dates you know are unavailable), I have no choice but to hereby reject your purported notice of deposition.

NEW YORK | CONNECTICUT | NEW JERSEY | WASHINGTON, D.C. | TEL AVIV

ZEICHNER ELLMAN & KRAUSE LLP

Ning Ye, Esq.
May 3, 2019
Page 2

Relating to your client's discovery responses, which were supplemented following the Court's Order dated March 14, 2019, please note that they are still woefully inadequate. You have produced reference to inaccurate/unavailable links/documents and screenshots of videos that appear responsive. Your client has not supported his counterclaims or his defenses with his production, he has prejudiced plaintiff's ability to prepare for his deposition, and he has disregarded the March 14 Order of the Court. Please remedy the defects in your client's discovery responses immediately.

Relating to your client's interrogatories, which we rejected as non-compliant with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Virginia, I note that your May 1 letter requests that my client respond to only the first 25 interrogatories you previously improperly served upon me. Your letter does not constitute proper service of rule compliant interrogatories, and your demand that my client respond to your interrogatories by May 7 – six days after your letter is dated, is wholly inappropriate. I am willing to work with you, but your repeated flouting of applicable rules and ignoring of our conversations makes reaching any common ground on what should be straightforward issues extremely difficult.

Finally, your May 1 letter directs that I "must supplement [my] client's response to other two requests for Admissions and for RFP before May 7, 2019" [*sic*.]. As I told you on the phone, and in my letter dated April 19, 2019, your client's requests for production and notice to admit are largely unintelligible and objectionable. Although we have no issue substantively responding to whatever unobjectionable request you timely propound, we are unable to discern what you are seeking that fits that definition. I reiterate my invitation to you to contact me to discuss what documents you are seeking in connection with the litigation of this matter.

Notwithstanding the foregoing, I remind you that the Court's Order dated March 15, 2019 extended discovery in this matter until May 12, 2019. Please feel free to call me at any time to discuss this letter or this matter generally.

Sincerely,

J. David Morrissy

cc: Harry Dennis, III, Esq. (via e-mail)