UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

WENGUI GUO,

    Plaintiff,

v.                                Civil Action No. 1:18-cv-174 (LO/TCB)

YELIANG XIA,

    Defendant.

## MEMORANDUM OPINION & ORDER

THIS MATTER originally came before the Court on Plaintiff Wengui Guo's ("Plaintiff") Motion to Compel Discovery and for Leave to Oppose Counterclaims (Dkt. 44). The Court granted that motion and directed Plaintiff to file a statement of fees and costs incurred in making the motion. (Dkt. 58 at 4-5.) Plaintiff complied with the Court's directive and filed a statement of fees and costs on May 3, 2019 (Dkt 70) ("Fee Decl."). Defendant Yeliang Xia ("Defendant") subsequently filed an objection to Plaintiff's statement of fees and costs. (Dkt. 73.) Upon reviewing Plaintiff's fee statement, the Court determined Plaintiff should provide a supplemental declaration detailing each timekeeper's position and years of experience. (Dkt. 79.) Plaintiff also complied with that order and filed a supplemental declaration on May 23, 2019 (Dkt. 84) ("Suppl. Fee Decl."). Now, the matter is ripe for a decision.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a court grants a motion to compel, then "the court must ... require the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Therefore, should a court grant a motion to compel, it may only decline to

award reasonable expenses if one of a limited number of exceptions apply. *Id.*

Here, the Court granted Plaintiff's motion to compel. Because the Court finds that none of the Rule's enumerated exceptions apply, the Court shall award Plaintiff attorney's fees upon a determination that the requested fees are reasonable.

In connection with the motion to compel, Plaintiff's counsel spent 15.2 total hours, consisting of 14.0 hours by John D. Morrissy, 0.70 hours by Stephen F. Ellman, 0.20 hours by Michael Antonivich, and 0.30 hours by Anthony Rosario. (Fee Decl. at 2.) Mr. Morrissy, a practicing attorney with approximately 11 years' experience, is of counsel and his hourly billing rate is $450. (*Id.*; Suppl. Fee Decl. at 1-2.) Mr. Ellman, a practicing attorney with approximately 44 years' experience, is a founding partner and his hourly billing rate is $670. (Fee Decl. at 2; Suppl. Fee Decl. at 1-2.) Mr. Antonivich is the managing clerk for counsel's law office and his hourly billing rate is $316. (Fee Decl. at 2; Suppl. Fee Decl. at 1.) Mr. Rosario is a paralegal and his hourly billing rate is $252.

In addition to reviewing Plaintiff's itemized time entries, the Court also considers the twelve factors courts should take into account when determining reasonable billing rates and hours. *See Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009). Of the twelve factors, the Court finds that factors (2) novelty and difficulty of the questions raised, (4) opportunity costs, (6) attorney's expectations, (7) time limitations, (8) amount in controversy, (10) undesirability, and (11) nature and length of the attorney-client relationship are not significant factors.

As to the remaining factors, the Court first considers factors 5 and 12: whether the requested fees are customary for like work (factor 5) and are similar to those in other cases which the Court has considered in the past (factor 12). To aid in this endeavor, the Court looks to USAO's

Attorney's Fee Matrix as a helpful guide. *See Brown v. Transurban USA, Inc.*, 318 F.R.D. 560, 575-76 (E.D. Va. 2016) (finding that the USAO "Matrix is useful 'as a guideline for reasonable attorneys' fees'" and "other courts in the Fourth Circuit have used" the Matrix (quoting *In re Neustar*, No. 1:14-cv-885 (JCC/TRJ), 2015 WL 8484438, at *10 n.6 (E.D. Va. Dec. 8, 2015))).[1] The current, relevant USAO matrix rates can be viewed in the table below[2]:

| Years' Experience | Hourly Rate |
|---|---|
| 31+ years | $613.00 |
| 11-15 years | $491.00 |
| Paralegals and Law Clerks | $166.00 |

In reviewing the matrix, Mr. Morrisy's billing rate falls below the recommended rate for an attorney of his experience. Conversely, Mr. Ellman's rate is slightly above the recommended rate, charging $57 more than the suggested rate for an attorney of his experience. However, given that the overage is relatively minor when considering Mr. Ellman's substantial number of years of experience, the Court finds that Mr. Ellman's rate is reasonable. With regard to Mr. Antonivich and Mr. Rosario, the Court finds that their billing rates are $150 and $86 more than what is recommended, respectively, and thus both should be reduced to $166.

Next, the Court considers whether the time and labor expended are reasonable and necessary (factor 1). The Court finds that majority of counsel's time and labor expended in connection with the motion to compel are reasonable and necessary. However, the Court will decline to grant Plaintiff's request for payment of fees incurred in seeking leave to file a reply to Defendant's counterclaims. Rule 37 applies to discovery related issues. Seeking leave to file a late

---

1. In past cases, courts in this district have relied on the *Vienna Metro* matrix. *See, e.g., Brundle ex rel. Constellis Emp. Stock Ownership Plan v. Wilmington Tr., N.A.*, 258 F. Supp. 3d 647, 664-66 (E.D. Va. 2017). However, those cases often involve "complex civil litigation." *Id.* at 665. In cases not involving complex civil litigation, an alternative approach is to rely on the USAO, or Laffey, Matrix. *Id.*; *see also Grisson v. The Mills Corp.*, 549 F.3d 313, 322-23 (4th Cir. 2008).

2. The matrix is hosted on the website of the United States Attorney's Office for the District of Columbia. *See* https://www.justice.gov/usao-dc/file/796471/download.

3

responsive pleading does not fall under the auspices of that rule. Accordingly, the Court shall reduce Plaintiff's requested fees by 25% for each time entry in which counsel expended time on his response to Defendant's counterclaims. This includes Mr. Morrissy's March 1st entry for 5.5 hours, Mr. Ellman's March 1st entry for 0.4 hours, Mr. Morrissy's March 13th entry for 1.2 hours, and Mr. Morrisy's March 14th entry for 5.3 hours. (Fee Decl. at 2.) As a result, the Court shall reduce Plaintiff's requested fees by $1,467.25.

The Court also questions the reasonableness and necessity of the time expended by counsel's clerk, Mr. Antonivich. His sole billing entry is an entry for 0.20 hours spent towards reviewing (presumably) Plaintiff's reply in support of its motion. Without more detail, and even taking into consideration that the Court already reduced his rate, the Court cannot find that Mr. Antonivich's time was reasonable or necessary. Therefore, the Court will write off Mr. Antonivich's time, a reduction of $63.20. In terms of Mr. Rosario, his sole billing entry is an entry for 0.30 hours spent towards filing Plaintiff's motion on the public docket. This work is clearly necessary and reasonable, especially when viewed in light of the Court's decision to reduce Mr. Roasrio's hourly rate. As a result, the Court will allow Plaintiff to recover fees for Mr. Rosario's time at his reduced rate, a reduction of $25.80.

The Court finds the remaining factors, the skill required (factor 3) in a defamation case and the experience, reputation, and abilities of the attorneys (factor 9), further justify awarding Plaintiff its requested fees as amended by the Court.

Therefore, it is hereby

ORDERED that Defendant shall pay Plaintiff the total sum of $5,351.55 within ten (10) business days of the date of this Order.

The Clerk is directed to forward a copy of this Order to parties and counsel of record.

ENTERED this 13th day of June, 2019.

                                                         /s/
                                       Theresa Carroll Buchanan
                                       United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia